Opinion issued September 24, 2009











 




In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01094-CV






MICHAEL MENDEZ, Appellant


V.


LILLIAN TREJO, Appellee






On Appeal from Probate Court No. 1

Harris County, Texas

Trial Court Cause No. 362100-401






MEMORANDUM OPINION


 In his sole issue on appeal, appellant, Michael Mendez, argues that the trial
court's award of sanctions against him was arbitrary and capricious. (1) Because there
is no judgment or order awarding sanctions against Mendez or his attorney in the
appellate record, we dismiss for lack of jurisdiction.

 In his brief filed on December 18, 2008, Mendez states that a discovery dispute
arose during the probate court proceedings on appellee Lillian Trejo's Application for
Partition and Sale of Real Property, which she filed in October 2006 as the
administrator of the estate of Mendez's stepfather, Charles Perkins. He argues that
the trial court erred in imposing monetary sanctions against him and cites several
statutes and cases regarding a trial court's discretion to award sanctions.

 However, the record in the case does not contain an order awarding sanctions
against Mendez or his trial counsel, nor does the final order disposing of Mendez's
claims contain any award of sanctions. The final order does award Trejo $1,000 in
attorney's fees, as she requested in a Motion for Turnover Order filed with the trial
court in October 2006. See Tex. Probate Code Ann. § 242 (Vernon 2003)
(providing that personal representatives of estates are entitled to all necessary and
reasonable expenses incurred by them in management of estate, including all
reasonable attorney's fees). However, nothing in Mendez's brief mentions the award
of requested statutory attorney's fees. Rather, all of his arguments revolve around
sanctions for discovery violations. Furthermore, all of Mendez's citations to statutes
and cases are citations regarding an award of sanctions after a voluntary dismissal or
settlement, which did not occur in this case. Therefore, Mendez did not properly
present a complaint regarding attorney's fees for appellate review, and this complaint
is waived. See Tex. R. App. P. 38.1; Tesoro Petrol. Corp. v. Nabors Drilling USA,
Inc., 106 S.W.3d 118, 128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied).

 This Court only has jurisdiction to consider appeals from final judgments or
orders, with limited exceptions for certain interlocutory orders not applicable here. 
See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 & n.12 (Tex. 2001). Because
the trial court has not signed a final judgment or order making the complained of
award of sanctions, we dismiss the appeal for lack of jurisdiction. See Tex. R. App.
P. 42.3(a).

Conclusion

We dismiss the appeal for lack of jurisdiction.





 Evelyn V. Keyes

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.
1. This Court has already dismissed a related appeal. See Mendez v. Trejo, No. 01-07-00368-CV, 2007 WL 2264620 (Tex. App.--Houston [1st Dist.] Aug. 9, 2007, no pet.)
(dismissing for failure to pay required fees). There is no appellee's brief in this
appeal, nor is there a reporter's record. The Clerk's office sent the required notice for
us to consider this case without a brief from the appellee or a reporter's record.